THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Tracy Anderson,

    Plaintiff,

vs.

Nations Lending Corporation,

    Defendant.

JURY TRIAL DEMANDED

# COMPLAINT

NOW COMES Plaintiff, TRACY ANDERSON, by and through her attorney Lisa M. Stauff, of the Law Offices of Lisa M. Stauff, and for her complaint against Defendant NATIONS LENDING CORPORATION, states as follows:

## NATURE OF THE CASE

1. This three-count action arises from an employment dispute. Plaintiff alleges discrimination on the basis of disability in violation of the Americans With Disabilities Amendments Act, as amended, 43 U.S.C.S. §12101 *et seq.*; failure to return Plaintiff to work in violation of the Family and Medical Leave Act of 1993, 29 U.S.C.S. § 2601, *et seq.*; and unlawful retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C.S. § 2601, *et seq* ("FMLA").

## THE PARTIES

2. Plaintiff, Tracy Anderson, is a resident of Kane County, Illinois, and was employed by Defendant to work out of her home in Kane County, Illinois.

3. Defendant, Nations Lending Corporation ("Nations Lending Corp."), is an Ohio corporation doing business in Illinois.

1

## PROCEDURAL HISTORY

4. On October 26, 2018, Ms. Anderson, through counsel, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination on the basis of disability. *Attached as Exhibit A.*

5. On April 26, 2019, the EEOC issued a Notice of Right to Sue. *Attached as Exhibit B.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(a) and 29 U.S.C.S. § 2617(a)(2).

7. Venue is proper under 28 U.S.C.S. §1391(b) because the unlawful employment practices alleged herein occurred in Kane County, Illinois, which is located within geographical area covered by the U.S. District Court of the Northern District of Illinois.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

8. Defendant is a residential mortgage lender headquartered in Independence, Ohio.

9. Defendant hired Ms. Anderson on December 9, 2016 as a Pre-Funding Underwriting Auditor.

10. Ms. Anderson worked remotely from her home in Kane County, Illinois, and was supervised by Christine Gourley, who also worked from her home, located in Florida.

11. Prior to her employment with Defendant, Ms. Anderson had over thirty years of experience in the mortgage industry. Ms. Anderson is licensed by the Federal Housing Authority.

12. During her first year of employment, Ms. Anderson had ongoing health issues which required her to use all of her allotted sick days.

13. In March 2018, Ms. Anderson suffered another medical set-back. Defendant told Ms. Anderson to apply for leave pursuant to the Family Medical Leave Act ("FMLA"). Ms. Anderson did so, and Defendant approved this medical leave.

14. Ms. Anderson returned to work on or about June 5, 2018.

15. Shortly thereafter, on or about June 9, 2018, Defendant terminated Ms. Anderson's employment.

16. The stated reason for the termination was that while Ms. Anderson was on FMLA leave, Defendant found serious mistakes in work done by Ms. Anderson prior to her FMLA leave.

17. Ms. Anderson was stunned. She asked Defendant to describe the nature and substance of the mistakes.

18. Defendant refused to provide any details, and promptly ended the phone call.

19. Throughout her employment, Defendant never disciplined or counseled Ms. Anderson for substandard job performance.

20. Shortly after her termination, Ms. Anderson requested a full and complete copy of her personnel file from Defendant.

21. The document produced by Defendant in direct response to this request, which Defendant held out as a full and complete copy of Ms. Anderson's personnel file, contained no notes, disciplinary notices, write-ups, and/or any other documents memorializing any errors committed by Ms. Anderson, or any defects in her job performance, during her entire employment.

22. This is because Ms. Anderson did not make mistakes severe enough to warrant her dismissal from Defendant's employ.

23. On information and belief, Defendant falsified alleged mistakes, and/or intentionally attributed the errors of others to Plaintiff, and/or exaggerated the severity of minor errors in order to conceal unlawful reasons for Plaintiff's termination.

24. As a result of Ms. Anderson's unlawful termination, Ms. Anderson suffered the loss of wages, benefits, suffered extreme embarrassment and emotional distress, and suffered other damages.

### COUNT I: Discrimination on the Basis of Disability or Perceived Disability Under the Americans With Disabilities Amendments Act

25. At all times relevant to this Complaint, Plaintiff was an "employee" and Defendant was an "employer" as defined by 42 U.S.C. §12111(4) and (5), respectively.

26. Plaintiff performed her job duties at or above her employer's reasonable expectations.

27. Plaintiff has a history of cancer and other serious medical conditions, about which she speaks openly.

28. In her first year of employment, Plaintiff exhausted her allotted sick days to treat and recover from a serious medical condition.

29. In her second year of employment, Defendant approved Plaintiff for twelve weeks of medical leave to treat and recover from a serious health condition.

30. Defendant, by and through Plaintiff's supervisor, Christine Gourley, regarded Plaintiff as disabled and/or substantially limited in the major life activity of working, due to a) Plaintiff's history of serious medical events, b) Plaintiff's serious medical events during her employment, and c) Plaintiff's need for approved medical leave to treat her serious medical condition.

31. Defendant's stated reasons for Plaintiff's termination were pretext for discrimination on the basis of perceived disability.

32. Defendant has a history of discriminating against employees who are disabled and/or who Defendant perceives as disabled.

33. Others similarly situated to Plaintiff who were not disabled or perceived as disabled have not been terminated for minor, or even severe, mistakes made during the course of performing their job duties.

34. As a result of Plaintiff's unlawful termination for perceived disability under the Americans With Disabilities Amendments Act, Plaintiff lost wages and benefits, suffered extreme emotional distress and embarrassment due to financial insecurity caused by her first sustained period of unemployment since she was fifteen years old, and suffered other damages.

**Wherefore,** Plaintiff prays for a judgment in her favor, and prays for the following relief:

   a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendant to settle this case;

   b. An Order requiring Defendant to post notices concerning its duty to refrain from discriminating against employees on the basis of disability or perceived disability;

   c. An Order enjoining Defendant from discriminating against its employees on the basis of disability or perceived disability;

   d. Backpay, employment benefits, and other compensation lost to Plaintiff as a result of Defendant discriminating against Plaintiff on the basis of perceived disability;

   e. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to Plaintiff as a result of Defendant discriminating against Plaintiff on the basis of perceived disability;

   f. Compensatory damages for the harm suffered by Plaintiff as a result of Defendant terminating Plaintiff's employment;

    g.  Punitive damages to punish Defendant for its unlawful actions, and to deter Defendant and others from discriminating against employees on the basis of disability or perceived disability;

    h.  Reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and prior administrative actions, and

    i.  Such other relief as this Court deems just and appropriate.

### COUNT II: Family Medical Leave Act, Interference and Failure to Return Plaintiff to Work

35. Plaintiff reincorporates and realleges paragraphs 1 through 24 as stated herein.

36. At all times relevant to this complaint, Plaintiff was an "employee" and Defendant was an "employer" pursuant to 42 U.S.C.S. § 2000e(f) and 42 U.S.C.S. § 2000e(b), respectively.

37. Plaintiff performed her job duties at or above her employer's reasonable expectations.

38. Plaintiff has a history of cancer and other serious medical conditions, about which she speaks openly.

39. In her first year of employment, Plaintiff exhausted her allotted sick days to treat and recover from a serious medical condition.

40. In her second year of employment, Defendant approved Plaintiff for twelve weeks of medical leave under the Family Medical Leave Act to treat and recover from a serious health condition.

41. When Plaintiff attempted to return to work after this approved FMLA leave, Defendant terminated Plaintiff's employment.

42. Defendant's stated reason for Plaintiff's termination was pretext for interference with Plaintiff's right to return to work to her same position.

43. Defendant's termination of Plaintiff's employment caused Plaintiff to suffer a loss of wages, benefits, and to suffer extreme emotional distress and embarrassment due to financial

6

insecurity caused by her first sustained period of unemployment since she was fifteen years old.

**Wherefore,** Plaintiff prays for a judgment in her favor, and prays for the following relief:

a. That the Court enter a judgment in her favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse her for all back pay and other benefits that she would have received but for Defendant's conduct;

b. That the Court award Ms. Anderson "front-pay" in lieu of reinstatement in the amount sufficient to compensate her for earnings she would have received but for Defendant's conduct;

c. That the Court award Ms. Anderson any and all compensatory damages to which she may be entitled;

d. That the Court award Ms. Anderson any and all liquidated damages to which she may be entitled;

e. That the Court award prejudgment interest on any and all damages to which the Court finds that Ms. Anderson is entitled;

f. That the Court award reasonable attorneys' fees and costs, and

g. That the Court award Ms. Anderson any and all other relief as this Court sees fit.

## COUNT III: Family Medical Leave Act, Retaliation

44. Plaintiff reincorporates and realleges paragraphs 1 through 24 as stated herein.

45. At all times relevant to this complaint, Plaintiff was an "employee" and Defendant was an "employer" pursuant to 42 U.S.C.S. § 2000e(f) and 42 U.S.C.S. § 2000e(b), respectively.

46. Plaintiff performed her job duties at or above her employer's reasonable expectations.

47. Plaintiff has a history of cancer and other serious medical conditions, about which she speaks openly.

48. In her first year of employment, Plaintiff exhausted her allotted sick days to treat and recover from a serious medical condition.

49. In her second year of employment, Defendant approved Plaintiff for up to twelve weeks of medical leave under the Family Medical Leave Act to treat and recover from a serious health condition.

50. Plaintiff's supervisor, Christine Gourley, resented Plaintiff's lawful entitlement to FMLA leave, and sought to punish Plaintiff for availing herself of FMLA protections and to discourage Plaintiff and others from using FMLA leave.

51. On information and belief, Defendant willfully and deliberately falsified allegations of mistakes made by Plaintiff, and/or willfully and deliberately attributed the mistakes of others to Plaintiff, in order to retaliate against Plaintiff and to justify Plaintiff's termination.

52. Defendant terminated Plaintiff's employment to punish Plaintiff for availing herself of FMLA protections and to discourage Plaintiff's former co-workers from using FMLA leave in the future.

53. Defendant's termination of Plaintiff's employment caused Plaintiff to suffer a loss of wages and benefits, and to suffer extreme emotional distress and embarrassment due to financial insecurity caused by her first sustained period of unemployment since she was fifteen years old, and to suffer other damages.

**Wherefore,** Plaintiff prays for a judgment in her favor, and prays for the following relief:

   a. That the Court enter a judgment in her favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse her for all back pay and other benefits that she would have received but for Defendant's conduct;

b. That the Court award Ms. Anderson "front-pay" in lieu of reinstatement in the amount sufficient to compensate her for earnings she would have received but for Defendant's conduct;

c. That the Court award Ms. Anderson any and all compensatory damages to which she may be entitled;

d. That the Court award Ms. Anderson any and all liquidated damages to which she may be entitled;

e. That the Court award prejudgment interest on any and all damages to which the Court finds that Ms. Anderson is entitled;

f. That the Court award reasonable attorneys' fees and costs, and

g. That the Court award Ms. Anderson any and all other relief as this Court sees fit.

## JURY TRIAL DEMANDED

54. For all counts, Plaintiff requests a trial by a jury of her peers.

Respectfully submitted,
Plaintiff,
Tracy Anderson,

By: _____
Plaintiff's Counsel

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com

9