UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY ANDERSON, ) | |
| ) | Case No. 19-cv-5016 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| NATIONS LENDING CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tracy Anderson brings this lawsuit against her former employer defendant Nations Lending Corporation for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* (Count I) and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2615, *et seq.* (Counts II and III). In response, Nations Lending has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons explained below, the Court grants Nation Lending's motion in its entirety.

**Background**

On January 4, 2017, Anderson began working as a Pre-Fund Underwriting Auditor for Nations Lending, which is a residential mortgage lender. In her position, Anderson was responsible for reviewing pre-fund loans to ensure that certain quality standards and guidelines were met. In doing so, she was responsible for analyzing credit, collateral, capacity, and compliance of loan files in order to identify deficiencies. Anderson was tasked with communicating any deficiencies to the Underwriters. Anderson directly reported to Auditing Manager Christine Gourley.

In her first year of employment, Gourley had multiple conversations and ongoing training with Anderson because of mistakes on her audit files. On December 18, 2017, Nations Lending discovered multiple issues with Anderson's review of a loan, including miscalculations on taxes.

After Anderson returned from non-FMLA medical leave that had lasted from October 6, 2017 until January 14, 2018, Gourley emailed Anderson about these errors and requested that she complete more training before auditing files again.

On February 22, 2018, Nations Lending uncovered multiple errors in Anderson's review of another loan. Again, Gourley counseled Anderson about these mistakes. Shortly thereafter, Anderson took approved FMLA leave from March 19 until June 9, 2018. In March and May 2018, Nations Lending discovered more mistakes with three other loan files that Anderson reviewed and audited. These mistakes caused loans to be closed with uncurable defects.

In May 2018, while Anderson was on FMLA leave, Gourley recommended to Nations Lending's Director of Human Services, Sam Asher, that Anderson's employment should be terminated based on her poor work performance. Gourley determined that Anderson's numerous deficiencies found in her audits amounted to a violation of Section 3.01 of the Nations Lending's Standards of Employee Conduct. Moreover, Gourley found Anderson's level of performance to be inconsistent with her years of experience and that Anderson was not demonstrating that she could perform her job duties. Based on Gourley's recommendation, Asher started an investigation and consulted legal counsel. Prior to the investigation's completion, Anderson returned to work from her FMLA leave on June 11, 2018. At that time, Asher recommended that Anderson spend time getting acclimated to her job duties. She received instructions from Gourley to review her emails from when she was on leave and any updated lending guidelines. Gourley also required Anderson to complete additional training before she could audit loan files again.

A few days later, on June 16, 2018, Gourley and Asher advised Anderson of Nations Lending's decision to terminate her employment based on her repeated poor work performance. After Nations Lending terminated Anderson's employment, it discovered that Anderson had made other mistakes in auditing four additional loan file audits in June 2017 and September 2017.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "The principal function of summary judgment is to prevent unnecessary trials by screening out factually unsupported claims." *James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020).

**Discussion**

*ADA Discrimination Claim*

In Count I of her complaint, Anderson brings an ADA disability discrimination claim. "To succeed on an ADA claim, an employee must show three elements: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) his disability caused the adverse employment action." *Igasaki v. Illinois Dep't of Fin. & Prof'l Reg.*, 988 F.3d 948, 961 (7th Cir. 2021).

In its motion, Nations Lending focuses on the last element of Anderson's ADA claim, namely, that she has failed to set forth evidence raising a triable issue of fact that her termination was caused by her disability. In her legal memorandum, Anderson fails to make any arguments concerning her ADA disability claim, let alone respond to Nations Lending's argument. She has

thus abandoned this claim. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016). Accordingly, the Court grants Nations Lending's summary judgment motion as to Count I of Anderson's complaint.

*FMLA Interference Claim*

In Count II, Anderson brings an FMLA interference claim arguing that Nations Lending did not restore her to the same or equivalent job when she returned to work after her 2018 FMLA leave. Generally, the FMLA entitles qualifying employees for up to twelve weeks of unpaid leave in a twelve-month period, maintenance of their health and employment-related benefits while on leave, and reinstatement to their previous position or its equivalent at the end of their leave. *Guzman v. Brown County*, 884 F.3d 633, 638 (7th Cir. 2018). To succeed on an FMLA interference claim at summary judgment, an employee must set forth evidence creating a triable issue of fact that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take FMLA leave; and (5) her employer denied her FMLA benefits to which she was entitled. *Hickey v. Protective Life Corp.*, 988 F.3d 380, 387 (7th Cir. 2021).

Anderson asserts that although Nations Lending returned her to the same position after her FMLA leave, namely, Pre-Fund Underwriting Auditing Manager, because Nations Lending diminished her job tasks by assigning additional job training before she could return to reviewing loan files, she was not restored to an equivalent position as required under 29 U.S.C. § 2614(a)(1)(B). Anderson specifically argues that she was given no job tasks and literally had nothing to do for the days leading up to her termination.[1]

---

[1] Anderson argues that by diminishing her job duties, Nations Lending's conduct amounted to constructive discharge. Whether Nations Lending constructively discharged Anderson does not change the Court's analysis because Nations Lending actually discharged her, which fulfills the "adverse action" requirement for her FMLA retaliation claim.

Whether Anderson characterizes her job tasks as non-existent upon her return from FMLA leave is of no moment because Nations Lending presents evidence that Anderson was not entitled to reinstatement in the first instance. *Goelzer v. Sheboygan County, Wis.,* 604 F.3d 987, 993 (7th Cir. 2010) ("an employee is not entitled to return to her former position if she would have been fired regardless of whether she took the leave."). Specifically, while Anderson was on leave, Nations Lending uncovered multiple mistakes with several loan files that Anderson reviewed and audited, after which the head of HR conducted an investigation into whether Anderson's employment should be terminated. Although the investigation was not completed until after Anderson returned from leave, Nations Lending terminated Anderson's employment days after she returned. Nations Lending's reasons for terminating Anderson's employment included that her poor work performance amounted to a violation of Section 3.01 of the Nations Lending's Standards of Employee Conduct and Corrective Action, which states in relevant part:

> Violations of these Standards of Conduct, as well as other Company policies and procedures, will result in corrective action including a verbal warning, written warning or suspension, or termination of employment. The type of corrective action will generally depend on the seriousness of the infraction; previous corrective action and/or the employee's overall employment record. The Company may determine that certain offenses are serious enough to skip corrective action and warrant immediate termination, and reserves the right to skip or repeat corrective actions.

(R. 79-1, Employee Handbook, Standards of Employee Conduct, at 5.)

Anderson argues that the real reason Nations Lending terminated her employment was because she took FMLA leave. Based on Anderson's arguments, the Court first turns to whether Nations Lending's proffered reason is pretext for discrimination keeping in mind that "the question is not whether the employer's stated reason was inaccurate or unfair, but whether the employer honestly believed the reason it has offered to explain the discharge." *Robertson v. Department of Health Servs.*, 949 F.3d 371, 380 (7th Cir. 2020) (citations omitted). Here, Anderson presents evidence that she believes contradicts Nations Lending's decision to terminate her. More specifically, Anderson

5

maintains that Gourley did not counsel her about the mistakes she made on the loan audits discovered while she was on FMLA leave, and that Gourley's failure to do so was inconsistent with her normal practice. But, as Nations Lending's Standards of Conduct unequivocally states: "The Company may determine that certain offenses are serious enough to *skip corrective action and warrant immediate termination*, and reserves the right to skip or repeat corrective actions." Therefore, Gourley's conduct was not necessarily a deviation as Anderson suggests.

More importantly, construing the evidence and all reasonable inferences in Anderson's favor, she does not point to any evidence raising a genuine issue of material fact that she was entitled to reinstatement upon her return from FMLA leave, which is her burden at summary judgment under the circumstances. *See Simpson v. Office of Chief Judge of Circuit Court of Will County*, 559 F.3d 706, 713 (7th Cir. 2009). The Court grants Nations Lending's summary judgment motion in this respect.

*FMLA Retaliation Claim*

Last, Anderson brings a FMLA retaliation claim which requires that: "(1) the employee engaged in statutorily protected activity; (2) the employer subjected her to an adverse action; and (3) the protected activity caused the adverse action." *Riley v. City of Kokomo*, 909 F.3d 182, 188 (7th Cir. 2018). In the context of FMLA retaliation claims, "[s]ummary judgment for the employer is proper where the employer provides undisputed evidence that the adverse employment action is based upon the employee's poor job performance." *Lutes v. United Trailers, Inc.*, 950 F.3d 359, 369 (7th Cir. 2020) (citation omitted).

At issue is whether Anderson's exercising her right to FMLA leave caused her termination. As discussed, Nations Lending presented evidence that it terminated Anderson's employment based on her repeated poor work performance concerning mistakes that caused loans to be closed with uncurable defects. Anderson attempts to refute this evidence by arguing that Gourley's failure to counsel her after she returned from FMLA leave deviated from Gourley's normal practice. She

6

characterizes this evidence as Nations Lending's "admission" that had she not been on FMLA leave, she would not have been terminated. Any such characterization would require the Court to make several unreasonable inferences. And, Anderson must provide more than mere speculation to defeat summary judgment, especially because Nations Lending has presented ample evidence of a nondiscriminatory rationale for her termination. *See Igasaki*, 988 F.3d at 960. The Court grants this aspect of Nations Lending's summary judgment motion.

**Conclusion**

Based on the foregoing, the Court grants defendant's summary judgment motion [77] in its entirety. Because the Court considered defendant's arguments made in its motion to strike when considering the evidence, the Court denies defendant's motion to strike as moot [90]. Civil case terminated.

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 4/16/2021